Filed 8/14/23  P. v. Henderson CA4/2
Opinion after vacating prior opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LEONARD HENDERSON, <br><br> Defendant and Appellant. | E080576, E080577, E080578 & E080579 <br><br> (Super. Ct. Nos. FSB270578, FSB07913, FSB265354 & FSB261167) <br><br> OPINION |

APPEALS from the Superior Court of San Bernardino County.  Harold J. Wilson, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### I.

### INTRODUCTION

Defendant and appellant Leonard Henderson appeals the trial court's postjudgment orders from four different cases denying his request to vacate the restitution

1

fines under Assembly Bill No. 1869.[1]  Counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) , requesting this court to conduct an independent review of the record.  In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so.  Although defendant's counsel filed a brief raising no issues and defendant was notified that failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned, we have exercised our discretion to conduct an independent review of the record.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 228, 232.)  For the reasons set forth *post*, we affirm the trial court's orders because defendant's appeals present no meritorious arguable issues.

## II.

## PROCEDURAL BACKGROUND

In May 1986, in case No. FSB261167, defendant pled guilty to burglary (Pen. Code, § 459)[2] and admitted that he had previously sustained a prior prison term (§ 667.5, subd. (b).)  Defendant was sentenced to three years in prison and was ordered to pay a restitution fine in the amount of $3,000.

---

[1]  We consolidated the appeals from four separate cases (case Nos. E080576, E080577, E080578 & E080579) defendant had filed for purposes of briefing and decision.  We note that due to the age of the cases, the clerk of the superior court has submitted an affidavit that the reporter's transcripts for the guilty pleas and sentencing are unavailable.

[2]  All future statutory references are to the Penal Code unless otherwise stated.

In March 1988, an information was filed in case No. FSB265354 charging defendant with second degree burglary (§ 459), and further alleging defendant had previously sustained two prior prison terms (§ 667.5, subd. (b)).[3]

In April 1990, an information was filed in case No. FSB270578 alleging defendant had committed two counts of residential burglary (§ 459; counts 1 & 5); one count of assault with intent to commit rape (§ 220; count 2); two counts of assault with a deadly weapon (§ 245, subd. (a)(1); counts 3 & 6); and one count of attempted kidnapping (§ 664/207, subd. (a); count 4). As to counts 2, 3, and 4, the information further alleged that defendant had personally inflicted great bodily injury (§ 12022.7.) As to counts 2, 4, 5, and 6, the information also alleged that defendant had used a deadly weapon (§ 12022.3) in the commission of the offenses. The information further alleged that defendant had sustained three prior prison terms (§ 667.5, subd. (b)).

In July 1990, the jury found defendant guilty on count 2 (assault with intent to rape), count 3 (assault), and count 5 (residential burglary). The jury acquitted defendant of counts 4 and 6.

In August 1990, in case No. FSB270578, the trial court sentenced defendant to 10 years, four months in prison. The sentence included a restitution fine in the amount of $6,000.

---

[3] The clerk has submitted an affidavit that the minute orders for the guilty plea or sentencing are not available.

In July 1995, an amended information was filed in case No. FSB07913 charging defendant with one count of burglary (§ 459; count 1); two counts of forcible rape (§ 261, subd. (a)(2); counts 2 & 3); one count of robbery (§ 211; count 4); and one count of felon in possession of a firearm (former § 12021, subd. (a); count 5). As to counts 2, 3 and 4, the information further alleged that defendant had inflicted great bodily injury on the victim (§ 12022.8.) As to count 4, the information also alleged that defendant had personally used a firearm (§ 12022.5, subd. (a)). In addition, the information alleged that defendant had sustained two prior strike convictions (§ 667, subds. (a)-(d)), two prior serious felony convictions (§ 667, subd. (a)), and three prior prison terms (§ 667.5, subd. (b)).

In August 1995, in case No. FSB07913, defendant pled guilty to counts 2, 4 and 5, and admitted that he had sustained the prior conviction allegations. In return, he was sentenced to a stipulated term to 25 years to life in prison. The sentence included a $10,000 restitution fine.

In 2019, defendant filed motions to vacate unpaid restitution fines as to all cases, asserting that the court failed to consider his ability to pay the restitution fines in violation of his rights under the Eighth and Fourteenth Amendments. The trial court denied the motions ex parte.

In November 2022, defendant filed motions in all cases to vacate his unpaid restitution fines under Assembly Bill No. 1869, asserting the fines were no longer

4

enforceable or authorized.  The trial court denied the motions ex parte.  Defendant timely appealed in each case.

## III.

## DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case and a summary of the procedural background.  (See also *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)  Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable issues.  Under *Anders*, which requires "a brief referring to anything in the record that might arguably support the appeal," (*Anders*, *supra*, at p. 744) counsel raises the issues of whether the trial court erred in denying defendant's request to vacate the restitution fines and other fines and fees under Assembly Bill No. 1869.  We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

In *Delgadillo*, *supra*, 14 Cal.5th 216, the California Supreme Court held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition.  (*Delgadillo*, *supra*, at pp. 224-226.)  Thus, we need not examine the entire record ourselves to look for arguable grounds for reversal.  (*Id*. at p. 228.)  Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a personal supplemental brief but declined, we may dismiss the appeal

5

as abandoned.  (*Id*. at p. 232.)  However, we have discretion to conduct *Wende* review even when it is not required.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  Although it is questionable whether a *Wende* review applies in postconviction proceedings such as in this case, we have exercised our discretion and conducted a review pursuant to *Wende*.

Assembly Bill No. 1869 amended the Penal Code by adding section 1465.9, which provides that "the balance of any court-imposed costs pursuant to section 987.4, subdivision (a) of [s]ection 987.5, [s]ections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1203.1b, 1208.2, 1210.15, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."  (Stats. 2020, ch. 92, § 62; § 1465.9.)  Section 1465.9 does not include section 1202.45, which authorizes the imposition of parole revocation fines.

In a subsequent statute, Assembly Bill No. 177, the Legislature amended section 1465.9 to provide that "[o]n and after January 1, 2022 the balance of any court-imposed costs pursuant to [s]ection . . . 1202.4 . . . as [that] section[ ] read[s] on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."  (§ 1465.9, subd. (b).)  The Legislature's purpose in enacting this statute was "to eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of administrative fees."  (Stats. 2021, ch. 257, § 2.)  As part of this legislation, the Legislature repealed a provision allowing county boards of supervisors to "impose a fee to cover the actual

6

administrative cost of collecting the restitution fine" (former § 1202.4, subd. (1)), while keeping the remainder of section 1202.4 the same. There is no indication that the Legislature intended to provide relief from restitution fines, as challenged by defendant in this case.

We are thus satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

IV.

DISPOSITION

The orders denying defendant's motions to vacate unpaid fines in all four cases are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:

RAPHAEL
J.

MENETREZ
J.

7